■ Louise V. Arnold, as Administratrix of the Estate of George Arnold, Deceased, Respondent, v. Buffalo Terminal Elevators, Inc., Appellant, et al., Defendants.— Judgment and order unanimously reversed on the law and facts and a new trial granted, without costs of this appeal to any party. Memorandum: The submission to the jury of section 23–3.28 of the Rules of State Industrial Code was reversible error. That section (as in effect at the time of the accident) by its specific language applied only to the duties of an employer in regard to protection of his employees against electrical shock. The Trial Justice charged that this section applied to the defendant owner and created obligations upon the owner similar to those established upon the part of the employer. This disregard of the specific language of section 23–3.28 (12 NYCRR 23.3[bb]) must have been based upon the theory that all safety provisions of the State Industrial Code were applicable to anyone having any part, directly or indirectly, in the operation involved. The courts have not so interpreted similar provisions of the Industrial Code. (*Wright* v. *Belt Assoc.*, 14 N Y 2d 129, revg. 18 A D 2d 1137; *Olsommer* v. *Walker & Sons*, 4 A D 2d 424, affd. 4 N Y 2d 793; *Employers Mut. Liab. Ins. Co.* v. *De Cesare & Monaco Concrete Constr. Corp.*, 9 A D 2d 379.) (Appeal from judgment of Erie Trial Term for plaintiff in a negligence action; also appeal from order denying motion for a new trial.) Present — Williams, P. J., Bastow, Henry and Del Vecchio, JJ.